UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL L. KING,

       Plaintiff,

v.                                Case No. 3:18-cv-144-J-20MCR

SEAN O'SULLIVAN, in his individual
capacity and JOHN DOE, of the United
States Postal Service, in his individual
capacity,

       Defendants.
_____

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Complaint for a Federal Tort Claim (Doc. 7) and Motion to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1915 ("Motion") (Doc. 9).   Upon review of Plaintiff's Amended Complaint, the Court finds that there are still deficiencies contained within the document.    Accordingly, for the reasons stated herein, the undersigned

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

## I.  Background

On January 22, 2018, Plaintiff filed the Initial Complaint along with the Motion.  (Docs. 1, 3.)  The Court denied the Motion without prejudice.  (Doc. 6.) The Court instructed Plaintiff to file an amended complaint and a notarized Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") on or before April 16, 2018.  (*Id.*)  Plaintiff was "cautioned that the Court will not rewrite the Complaint or any amended complaint to find a claim," and that his amended complaint must comply with the Federal Rules of Civil Procedure.  (*Id.* at 6-7.)  Specifically, the Court noted Plaintiff's pleading failed to include a short and plain statement of facts in support of his claims, and failed to otherwise state any plausible claims for which relief may be granted.  (*Id.* at 4.) On April 18, 2018, Plaintiff filed his Amended Complaint and Motion, including the completed and notarized Application.  (Docs. 7, 9.)  However, as explained further herein, the undersigned respectfully recommends that the case be dismissed without prejudice, as the Amended Complaint contains substantially the same deficiencies as the Initial Complaint.

## II.  Standard

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C.

§ 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Moreover, even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims.  *See* Fed. R. Civ. P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  *Id.*  A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction.  Fed. R. Civ. P. 8(a).

### III.    Discussion

Plaintiff's Amended Complaint does not include a short and plain statement showing that Plaintiff is entitled to relief.  The Court previously noted that the Initial Complaint, comprised of a "twelve-page handwritten 'Statement of the Case and Facts,' as well as an additional eight-page 'Statement of the Claims,'" was a "rambling narrative made up of conclusory and irrelevant allegations that are devoid of paragraph numbers."  (Doc. 6 at 4.)  Plaintiff's Amended Complaint, also handwritten, includes a six-page "Statement of the Case and Facts" with numbered paragraphs, and an eight-page "Plaintiff's Entitlement to Relief" without numbered paragraphs.  (Doc. 7.)  Regardless of Plaintiff numbering some paragraphs within

the pleading, his Amended Complaint still violates the technical pleading requirements of Federal Rules of Civil Procedure 8 and 10, as it is neither short nor concise and continues to read as a rambling narrative without limiting the now-numbered paragraphs to a single set of circumstances.  *See*, *e.g.*, *McCarty v. Grguric*, Case No.: 6:06-cv-1444-Orl-19JGG, 2007 WL 2900329, at *3 (M.D. Fla. Oct. 2, 2007) ("Plaintiff's claim should be 'simple, concise, and direct.'") (citation omitted); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances . . .*") (emphasis added).

Additionally, just as in his Initial Complaint, Plaintiff fails to state any plausible claims for which relief may be granted, and seeks monetary relief against defendants who appear to be immune from such relief."[2]  (Doc. 6 at 4.)  Plaintiff has improperly added the United States Postal Service to his list of named defendants, but failed to name the only proper defendant in a federal tort claim, the United States.  *Simpson v. Holder*, 184 Fed. Appx. 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action.") (citing 28

---

[2] It was also noted by the Court that "the Federal Tort Claims Act ("FTCA") *forever* bars tort claims against the federal government that are not brought within two-years of the alleged tort action."  (Doc. 6 at 4) (emphasis added).  An expiration of the statute of limitations is "an affirmative defense the existence of which warrants a dismissal as frivolous."  *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Plaintiff continues to allege wrongful conduct that occurred in February of 2014, more than three years and eleven months prior to the Initial Complaint being filed.

U.S.C. § 2679(a), (b)).  Furthermore, as the United States is the only proper defendant, Plaintiff continues to improperly name Sean O'Sullivan and John Doe as defendants.  Again, the FTCA details the restriction for exclusiveness of remedy, stating that the remedy against the United States for any injury or loss of property resulting from a negligent act of any government employee acting within the scope of his employment is exclusive of any other civil action by reason of the same subject matter against the employee whose act gave rise to the claim.  *See* 28 U.S.C. §2679(b)(1).  In other words, the FTCA precludes claims against individual government employees acting within the scope of their employment.  *Id.* This Court previously informed Plaintiff that "the FTCA prevents suits against federal employees personally for common law torts committed under the scope of their employment."  (Doc. 6 at 5.)  Plaintiff has not alleged that any federal employee acted outside the course of his employment.

Nevertheless, "[e]ven if Plaintiff attempts to bring a claim against the United States, the United States cannot be sued under the FTCA for tort claims 'arising out of the loss, miscarriage, or negligent transmission of letters or [packages],'" which includes mistaken delivery of packages.  (*Id.* (citing 28 U.S.C. §2680(b) and *Dolan v. United States Postal Serv.*, 546 U.S. 481, 486 (2006) (construing the definition of "negligent transmission" as "negligence causing mail . . . to arrive . . . at the wrong address.").)  As Plaintiff continues to request relief from the

Defendants resulting from the mistaken delivery of a package to Plaintiff's home, his claims, as alleged, appear to be excluded from the FTCA.

Finally, Plaintiff has again failed to allege that he filed a timely administrative claim thereby exhausting his administrative remedies.  This Court informed Plaintiff that he was required to "file a written claim with the postal service (and to wait six months for a response) before bringing the claim in federal court."  (Doc. 6 at 6.) Plaintiff again makes no mention of his having exhausted his administrative remedies and, as a result, has failed to state an FTCA claim.

Plaintiff was provided an opportunity to cure the deficiencies presented in his initial pleading; however, he failed to do so.  In light of that, and because Plaintiff cannot state a plausible cause of action even when construing the allegations in the Amended Complaint liberally, the undersigned finds that permitting Plaintiff leave to further amend his pleading would be futile.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("To prevent such abusive or captious litigation, §1915(d) [now §1915(e)(2)(B)] authorizes federal courts to dismiss a claim filed in forma pauperis . . . if satisfied that the action is frivolous or malicious.")

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion be **DENIED**; the case be **DISMISSED without prejudice**; and the Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 4, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff

8