UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHAEL L. KING,**

     **Plaintiff,**

v.

                                  **Case No. 3:18-cv-0144-J-20MCR**

**SEAN O'SULLIVAN, in his individual
capacity and JOHN DOE, of the United
States Postal Service, in his individual
capacity,**

     **Defendants.**

_____/

## O R D E R

**THIS CAUSE** is before the Court on the "Report and Recommendation" (Dkt. 10, filed

June 4, 2018) issued by Magistrate Judge Monte C. Richardson, and Plaintiff King's Objection

thereto (Dkt. 11).   Accordingly, this matter is ripe for resolution.

A district court may accept, reject, or modify a Magistrate Judge's Report and

Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Powell*, 628

F.3d 1254, 1256 (11th Cir. 2010). "The district court must make a *de novo* determination of any

disputed portions of the magistrate judge's report or recommendation." *Powell*, 628 F.3d at 1256;

*see also* 28 U.S.C. § 636(b)(1) (requiring *de novo* review when specific objections are made).

Plaintiff King's[1] Amended Complaint recites the following series of events.   In February

2014, an unidentified United States Postal Service employee—Defendant John Doe[2]—delivered

---

[1] King is proceeding *pro se* in this matter.

[2] Plaintiff states that the United States Postal Service refused to release John Doe's name.
(Dkt. 7 p. 2 n.1).

a package to King's home address. King placed the package within his tool shed, without opening it. Later that day, an unknown male attempted to force his way into King's home. The police were called, which resulted in the male's arrest for attempted burglary. At the time, both King and the police believed the object of the attempted burglary was King's personal property.

King opened the package the next day, expecting to find his online-order of car parts. The package contained marijuana. King also discovered that the parcel had been delivered to the wrong address. King realized that the burglary had been an attempt to recover the marijuana and turned the package over to the police.

King was subsequently contacted by Defendant Sean O'Sullivan, John Doe's supervisor. King suggests that O'Sullivan admitted that a fellow post office employee had delivered the package to the wrong address. King was also contacted by John Doe. John Doe informed King that Doe had given King's address to the package's addressee—Mike Jones—after repeated inquiries from Jones to the post office about the package's location. Doe apologized for doing so but denied knowing the parcel contained illicit drugs.

Plaintiff alleges that a few days after the burglary attempt, another male (whom he could not identify) threatened Plaintiff with a knife in Plaintiff's driveway. The police were called, but no arrest was made.

In any case, Jones continued contacting the post office to inquire about whether the package had been located. King alleges that the post office told Jones that the package had not been located. King suggests that the post office should have informed Jones that the package was in the possession of law enforcement, and that their failure to do so endangered King's family.

King filed the present suit in January 2018. (Dkt. 1). In March 2018, Judge Richardson

directed King to file an amended complaint that complies with the Federal Rules of Civil Procedure. (Dkt. 6). King filed his Amended Complaint in April 2018. (Dkt. 7). On June 4, 2018, Judge Richardson recommended dismissal of the Amended Complaint (without prejudice) for failure to state a claim. (Dkt. 10). King filed an objection to the Recommendation, which the Court will consider timely for the purposes of this Order. (Dkt. 11).

The Amended Complaint alleges that the mental distress King and his family have suffered—which culminated in the relocation of his family to a new home—are attributable to the post office's negligence. While the Court extends the King family its sincerest sympathies for having to endure this unfortunate ordeal, the facts alleged do not state a cognizable legal claim.

The Liability Reform Act confers absolute immunity for torts committed by federal employees while acting within the scope of their employment. *United States v. Smith*, 499 U.S. 160, 163 (1991). The exclusive remedy for such claims is by pursuing a Federal Tort Claims Act (FTCA) action against the United States. *See id.*; 28 U.S.C. § 2679(b)(1). The FTCA contains an exhaustion requirement, which provides that any claim against the United States for money damages be first presented to the appropriate Federal agency for adjudication. 28 U.S.C. § 2675(a). The FTCA further provides that "[a] tort claim against the United States [is] forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see also Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be

3

commenced within six months after the receipt of a final agency decision." (emphasis in original)).

While the Amended Complaint alleges that the Defendants committed the alleged negligence in their capacities as employees of the United States Postal Service, (Dkt. 7 pp. 9–10), it does not name the United States as a defendant. *See Smith*, 499 U.S. at 163. And there is no indication that King has exhausted his administrative remedies by filing a written claim with the appropriate federal agency. *See* § 2675(a).

Moreover, King's claim appears to be time-barred. According to the Amended Complaint, the events giving rise to his claim accrued in February 2014.[3] The required writing to the federal agency would have to be submitted no later than February 2016. Assuming King did so, he was required to file his claim with this Court no later than six months after the date of final denial by the agency.[4] *See Phillips*, 260 F.3d at 1317. Because King did not file his claim until January 2018, it appears the Court is without jurisdiction to adjudicate his claim. *See id.* (affirming dismissal of appellant's claim for lack of jurisdiction where appellant did not file his action within six months after receiving notice that her claims had been administratively denied).

Finally, and most importantly, the FTCA precludes suits against the United States for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680; *see also Dolan v. United States Postal Service*, 546 U.S. 481, 485

---

[3] King's Objection to the R&R suggests that claims brought under the FTCA do not accrue until the "Plaintiff knows the fact of his injury and its cause." (Dkt. 11 pp. 4–5). This is not an accurate statement of the law. Under the FTCA, a claim accrues "once a plaintiff 'is in possession of the critical facts that he has been hurt and who has inflicted the injury'. . . . " *McCullough v. United States*, 607 F.3d 1355, 1358 (11th Cir. 2010) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

[4] Section 2675 deems the failure of an agency to make a final disposition of a claim within six months after it is filed as a final denial of the claim. § 2675(a).

(2006) (stating "if one of the [FTCA's] exceptions appl[y], the bar of sovereign immunity remains"). As King's claim arises entirely out of an alleged "negligent transmission of . . . postal matter," the Court is again without jurisdiction to adjudicate the merits of his case.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's "Report and Recommendation" (Dkt. 10) is **ADOPTED**;

2. King's Objections (Dkt. 11) are **OVERRULED**;

3. This case is **DISMISSED without prejudice**;

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ENTERED** at Jacksonville, Florida, this 2ᵗ day of August, 2018.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Michael L. King, *Pro Se*

5